UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**ANDRE BELL**,

                        Plaintiff,

         -against-

**LONG ISLAND RAIL ROAD COMPANY**,

                        Defendant.
-------------------------------------------------------------------X

***COMPLAINT***

PLAINTIFF
DEMANDS TRIAL
BY JURY

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO, PLLC, respectfully alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a CAM (Car Appearance Maintainer) in the LIRR Maintenance of Equipment Department.

2. At all times hereinafter mentioned, plaintiff was a LIRR employee in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, defendant LIRR, was a corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## JURISDICTION

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331, Federal Question.

## LIABILITY

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled the LIRR Johnson Avenue, LIRR Jay Interlocking, LIRR Atlantic Track #2, LIRR D Yard and the LIRR tracks, LIRR track roadbed, LIRR third rail, and their parts and appurtenances comprising the LIRR Jamaica railroad complex.

8. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled the designated employee walkway from Johnson Avenue Yard to D YARD.

9. Upon information and belief, on September 25, 2015, as plaintiff was walking on a designated employee walkway from Johnson Avenue Yard to D Yard, he was caused to to trip, slip lose his footing and balance, fall, and sustain the injuries hereinafter set forth.

10. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

11. Upon information and belief, that the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, it agents and/or employees in causing, permitting and allowing the employee walkway to be, become, and remain unsafe, unfit for use, perilous and hazardous, improperly inspected, improperly maintained, and in causing, permitting and allowing there to be, become, and remain improper and inadequate lighting for illuminating the walkway and workplace, in causing, permitting and allowing there to be, become, and remain railroad in the ballast of the walkway, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

## INJURIES AND DAMAGES

12. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to his head, body limbs, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of

which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital, surgical and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, is losing, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum not exceeding $500,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in a sum not exceeding $500,000.00, together with the costs and disbursements of this action.

Dated: January 17, 2018
New York, New York

          **FLYNN & LAURIELLO PLLC**
          Attorneys for Plaintiff

          BY_____
          VALERIE J. LAURIELLO (VL6192)
          Attorney at Law
          Office & P.O. Address
          5 Penn Plaza – 23rd Floor
          New York, New York 10001
          Tel. 212-896-3812
          Fax 866-855-3813
          VJLauriello@MDFlynnLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**ANDRE BELL,**

Plaintiff,

-against-

**LONG ISLAND RAIL ROAD COMPANY**,

Defendant.

---

# COMPLAINT

---

***FLYNN & LAURIELLO PLLC***
**Attorneys for Plaintiff**
5 Penn Plaza – 23rd Floor
New York, NY 10001
212-896-3812